# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Criminal Case No. 07-cr-00371-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JOHNITA TAYLOR,
2. APRIL WATTS,
3. ISAAC HEADMAN, and
4. MONICA WILLIAMS,

    Defendants.

## ORDER GRANTING GOVERNMENT'S MOTION FOR CONTINUANCE

**Blackburn, J**

The matter before me is **Motion By Government For a Continuance To Extend the Pretrial and Trial Time Periods Outside the Time Limits Established For Speedy Trial** [#36], filed September 20, 2007. The motion is unopposed, well-taken, and granted.

The government's motion implicate the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174. Specifically, the motion implicates 18 U.S.C. § 3161(h) which provides, in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (8)(A) Any period of delay resulting from a continuance

> granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.
>
> (8)(B)(ii) . . . the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established [by § 3161].

18 U.S.C. § 3161(h)(8)(A) and (B)(ii).

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." **United States v. Hill,** 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. **See** 18 U.S.C. § 3161(c)(1); **United States v. Lugo**, 170 F.3d 996, 10001 (10th Cir.1999). Certain periods of delay are excluded and do not count toward the 70-day limit. **See** 18 U.S.C. § 3161(h)(1)-(9). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" **Hill**, 197 F.3d at 440-441 (10th Cir. 1999) (quoting 18 U.S.C. § 3161(h)(8)(A)).

In order for a continuance to qualify as an excludable "ends-of- justice" continuance under section 3161(h)(8)(A), certain prerequisites must be satisfied. **Id**. at 441. First, I must consider the following factors listed in section 3161(h)(8)(B):

> (i)   Whether the failure to grant such a continuance in the

>> proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(8)(B)(i) - (iv). After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*, § 3161(h)(8)(A). Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an

ends-of-justice continuance be prospective, not retroactive[.]'" *Id*. (quoting *Doran*, 882 F.2d at 1516).

The unchallenged averments of fact alleged in the motion essentially have been confessed by defendants. Thus, those foundational and predicate facts are deemed established. The government avers that it requires additional time to file a notice pursuant to 18 U.S.C. § 3593 setting forth its position regarding whether a capital sentence is appropriate in this case. The review process is represented to take approximately three months, involves both DOJ and defense personnel, and ultimately requires the approval of the Attorney General. Moreover, the government is still awaiting the results of the FBI crime lab's testing on some 150 items of evidence, which testing is expected to take two months. Nor has the government yet received other important discovery material, including the coroner's report, CBI forensic reports, transcripts of witness testimony from interviews and the Grand Jury proceedings, or aerial photographs of the crime scene.

Based on these agreed facts, I find that the case is so complex due to the number of defendants, the nature of the crimes charged, and the amount and nature of discovery that it would be unreasonable to expect adequate preparation by either the government or defendants for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). I have considered the factors which I must under 18 U.S.C. § 3161(h)(8)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(8)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel. Accordingly, I conclude as follows:

(1) That failure to grant a continuance of trial beyond the time initially prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(8)(B)(i);

(2) That the case is complex within the meaning of 18 U.S.C. § 3161(h)(8)(B)(ii);

(3) That even considering due diligence, failure to grant the motion would deny counsel for defendants and the government the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(8)(B)(iv); and

(4) That, therefore, the ends of justice served by granting the motion outweigh the best interests of the public and defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(8)(A).

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion By Government For a Continuance To Extend the Pretrial and Trial Time Periods Outside the Time Limits Established For Speedy Trial** [#36], filed September 20, 2007, is **GRANTED**;

2. That the court shall conduct a telephonic[1] status and setting conference on October 18, 2007, at 10:00 a.m., to discuss and set deadlines for the filing of pretrial motions and concomitant responses; provided, furthermore, that counsel for the government shall arrange, schedule, and coordinate the conference call necessary to facilitate the status and setting conference; and

3. That counsel for all parties shall be prepared to discuss dates for a final Trial

---

[1] Therefore, the defendants need not appear in person or by telephone. This ministerial hearing shall be conducted by the court and counsel.

Preparation Conference and trial by jury at the telephonic motions' hearing setting conference currently scheduled for January 28, 2008, at 10:00 a.m.

     Dated October 11, 2007, at Denver, Colorado.

                               **BY THE COURT:**

                               **s/ Robert E. Blackburn**
                               **Robert E. Blackburn**
                               **United States District Judge**