**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 07-cr-00371-REB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1. JOHNITA TAYLOR, and
3. ISAAC HEADMAN,

     Defendants.

## SECOND TRIAL PREPARATION CONFERENCE ORDER

**Blackburn, J.**

As scheduled, on June 10, 2008, the court conferred via its administrative assistant with counsel concerning the setting of a Trial Preparation and a trial by jury. As a result of that setting conference and pursuant to **Fed.R.Crim.P. 17.1, D.C.COLO.LCrR 26**, and **REB Cr. Practice Standard IV.A.1.**, the court enters this **Second Trial Preparation Conference Order**.[1]

     **IT IS ORDERED** as follows:

     1. That jury selection **SHALL COMMENCE September 15, 2008**, at 8:30 a.m., at the La Plata County Courthouse, 1060 E. 2nd Ave., 2nd Floor, Durango, Colorado, in the

---

[1] Non-CJA motions, including motions in limine, shall not be filed out of time without leave of court. Amended papers, including amended motions, petitions, responses, or replies shall not be filed without leave of court. Supplements to papers, including motions, petitions, responses, or replies, shall not be filed without leave of court. Replies to responses shall not be filed without leave of court. Leave of court must be obtained before such papers may be filed. A request for leave to file such a paper shall not be contained or included in the paper sought to be filed.

1

courtroom for Division 1, at which counsel **SHALL APPEAR** at 8:00 a.m.;

2. That following jury selection, all additional trial proceedings **SHALL BE CONDUCTED** in the courtroom used by the United States District Court for the District of Colorado at 103 Sheppard Drive, Durango, Colorado;

3. That the **Trial Preparation Conference** shall be held on **September 12, 2008**, at 11:30 a.m., by videoconference in which counsel and the defendants shall participate without further notice, order, or subpoena;

4. That the court reserves fifteen (15) days for trial, at which counsel and the defendants shall appear in person without further notice, order, or subpoena:[2]

- Monday, September 15, 2008, through Friday, September 19, 2008;
- Monday, September 22, 2008, through Friday, September 26, 2008; and
- Monday, September 29, 2008, through Friday, October 3, 2008;

5. That lead counsel and the defendants shall attend the Trial Preparation Conference without further notice, order, or subpoena;

6. That at the outset of the Trial Preparation conference, each party shall submit on the Witness List form required by the court (an original for the court with copies for the courtroom deputy clerk and all other parties) a "will call" witness list enumerating the name and address of each witness that will be called and a "may call" witness list enumerating the name and address of each witness that may be called; provided, furthermore, that the "will call" witness list constitutes a representation on which the

---

[2] Any motion brought under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-74, to vacate or continue the trial shall note and circumstantiate, *inter alia*, the specific amount of time to be excluded in computing the time for speedy trial under the act.

court and every other party may rely that the witnesses listed will be present and available to testify during trial;

      7. That at the Trial Preparation Conference the parties shall be prepared to review and discuss, *inter alia*, the following:

      a. stipulated and proposed jury instructions and verdict forms;

      b. *voir dire* questions;

      c. the jury selection process, including alternate jurors and peremptory challenges:

          1. The use of the one or more alternate jurors [Review Fed.R.Crim.P. 24(c)];

          2. Pretrial designation of the alternate juror(s);

          3. The number and allocation of peremptory challenges [Review Fed.R.Crim.P. 24(b) and (c)(4)]; and

          4. Retention or dismissal of alternate juror(s) [Review Fed.R.Crim.P. 24(c)(3)];

      d. the use of a juror questionnaire (if a questionnaire is used, the parties shall surrender their copies for destruction immediately subsequent to completion of jury selection);

      e. identification of all persons permitted to be seated at each party's table;

      f. the pronunciation of problematic party's and witnesses' names;

      g. the names or monikers that may be used when referring to the defendant or a witness;

      h. identification of "will call" and "may call" witnesses;

    i. use of deposition testimony:

      1. designation of specific testimony by page and line; and

      2. identification of the person selected to read deposition answers;

    j. use of video depositions:

      1. resolution of objections;

      2. pretrial redaction, if necessary; and

      3. arrangements for necessary equipment to broadcast the deposition;

    k. the admission of stipulated exhibits or exhibits about which there are no objections;

    l. the allocation of trial time between the parties;

    m. the necessity for cautionary or limiting instructions;

    n. timing of publication, if any, of trial exhibits to the jury;

    o. appropriate attire and clothing for defendant(s); and

    p. security issues;

  8. That pending further court order, the jurors shall not be sequestered before deliberations;

  9. That consistent with REB Cr. Practice Standard IV.C.3.b., each side shall be permitted reasonable voir dire examination[3] following voir dire examination by the court, but shall not reiterate questions previously propounded by the court or another party;

  10. That trial witnesses subject to sequestration under Fed.R.Evid. 615 shall be

---

[3] The length of voir dire examination will be set at the Trial Preparation Conference.

sequestered by order entered *sua sponte* immediately before opening statements;

11. That opening statements shall be limited as provided by the court at the Trial Preparation Conference;

12. That the court will not engage in the examination of any witness, except to eschew plain error;

13. That pursuant to REB Cr. Practice Standard III.D.3.b., each party shall have available at trial a set of exhibits for the court, the courtroom deputy clerk, opposing counsel (one set per party), and any *pro se* party;

14. That objections made in the presence or hearing of the jury shall be stated as succinctly as practicable and supported by recitation of apposite authority when possible; however, counsel and a pro se defendant shall not speechify an objection in the presence or hearing of the jury [Review Fed.R.Evid.103(c) and 104(c)];

15. That in marshaling motions or objections during trial, the following sequential protocol shall be observed: objection, response, reply, ruling, unless provided otherwise by the court;

16. That to eliminate or minimize bench or sidebar conferences, each party shall be responsible to inform the courtroom deputy clerk before the conclusion of a trial day about any issue which should be considered before commencing trial on the next scheduled day of trial and at the outset of a trial day about any issue which should be considered at the conclusion of that trial day;

17. That to facilitate preparation, marshaling, and consideration of proposed jury instructions and verdict forms consistent with REB Civ. Practice Standard IV.C.5., the government shall identify and enumerate each individual jury instruction in the heading

or title as INSTRUCTION NO. G-1, G-2, G-3, etc., and each defendant shall identify and enumerate each individual jury instruction in the heading or title as INSTRUCTION NO.[insert defendant's name or abbreviated name]-1,[insert defendant's name or abbreviated name]-2,[insert defendant's name or abbreviated name]-3, etc.]; provided, furthermore, the parties shall similarly identify and enumerate all proposed verdict forms and special interrogatories;

18. That closing arguments shall be limited as provided by the court at the Trial Preparation Conference; and

19. That this order supplants and supersedes the **Trial Preparation Conference Order** [#109] entered April 1, 2008.

Dated June 10, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**